ORDER
Neville Williams was indicted on three counts of distributing crack, see 21 U.S.C. § 841(a)(1), one count of possessing a firearm as a felon, see 18 U.S.C. § 922(g)(1), and one count of possessing marijuana, see 21 U.S.C. § 844(a). In a plea agreement the government agreed to drop the last four counts and to recommend a sentence at the bottom of the guidelines range; in return, Williams agreed to plead guilty to one count of distributing crack and to waive his right to appeal. The district court accepted the government’s sentencing recommendation and imposed a term of 151 months’ imprisonment under the career-offender guideline, see U.S.S.G. § 4B1.1. Williams appealed, but his appointed counsel have moved to withdraw because they cannot discern a nonfrivolous basis for appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We invited Williams to respond to counsels’ submission under Circuit Rule 51(b), but he declined to do so. We limit our review to the potential issues counsel identify. See United States v. Schuh, 289 F.3d 968, 973-74 (7th Cir.2002).
Because Williams does not wish to set aside his guilty plea, counsel properly refrain from examining the plea colloquy or the voluntariness of the plea. See United *543 States v. Knox, 287 F.3d 667, 671 (7th Cir.2002).
Counsel consider one potential issue not foreclosed by Williams’s appellate waiver: whether the district court relied on a constitutionally impermissible factor in calculating Williams’s sentence. See United States v. Lockwood, 416 F.3d 604, 608 (7th Cir.2005). They ask whether the judge, at sentencing, may have expressed an inappropriate “personal stake” in the case. While reviewing Williams’s criminal history, the judge remarked that Williams’s prior conviction for threatening another judge was “an extremely serious offense “that” not surprisingly, I take personally.” Any such claim of unconstitutional bias would be frivolous. First, although due process requires a fair proceeding before an unbiased judge, a claim of bias rises to the level of constitutional significance only in an extreme case, such as where the judge has “ ‘a direct, personal, substantial, pecuniary interest’ ” in the outcome. Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 821-22, 824, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986) (quoting Tumey v. Ohio, 273 U.S. 510, 523, 47 S.Ct. 437, 71 L.Ed. 749 (1927)); see Bracy v. Gramley, 520 U.S. 899, 904-05, 909, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). But more importantly, the judge’s comment taken in the context of the record as a whole does not reflect any kind of bias. It came in the midst of the judge’s extensive discussion of William’s history and characteristics, his lengthy criminal record, the circumstances of his offense, and the “positive road” that he appeared to be on. The judge even remarked that he was “rooting for [Williams]” and wished him the best of luck.
Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.